IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
 : CASE NO. 1:09 CV 0635
DEBRA VLACH, individually and on :
behalf of all others similarly situated, :
 : MEMORANDUM OF OPINION AND
 Plaintiff, : ORDER DENYING THE DEFENDANT'S
 : MOTION TO DISMISS FOR LACK OF
 -vs- : PERSONAL JURISDICTION
 :
 :
BRET A. YAPLE, et al, :
 Defendant.
------------------------------------------------------- 

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is defendant Bret A. Yaple's 12(b)(2) motion to dismiss for lack of personal jurisdiction. (Docket No. 7). The plaintiff Debra Vlach argues that the motion should be denied because Mr. Yaple has sufficient contacts with Ohio to support a finding of jurisdiction over him. (Docket No. 15). Specifically, she contends that the Court has jurisdiction because she received at her Ohio residence a letter and two emails sent by Mr. Yaple, in which he allegedly attempted to collect a debt owed by Ms. Vlach in a manner that violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*, and Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. § 1345.01, *et seq*. (Docket No. 15 at 3-5). Mr. Yaple disputes the veracity of these factual allegations. (Docket No. 7 at 2). He insists that even though the correspondence received by Ms. Vlach bears his typed signature and appears to be on

his firm's letterhead, he in fact did not send or authorize anyone else to send Ms. Vlach the letter and emails in question. (Docket No. 7 at 2-3). He argues, therefore, that because the jurisdictional facts asserted by Ms. Vlach are untrue, his motion must be granted.

A factual dispute such as this cannot be resolved on the pleadings. In the absence of an evidentiary hearing and where jurisdictional facts are disputed, the Court may deny a 12(b)(2) motion, if the plaintiff has made a prima facie showing of jurisdiction. Serras v. First Tenn. Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989). The Court need not consider the contrary factual contentions of the moving party. Dean v. Motel 6 Operating L,P., 134 F.3d 1269, 1272-73 (6th Cir. 1998). Accordingly, because Ms. Vlach has alleged facts, which, if proven true, would establish personal jurisdiction over Mr. Yaple, the Court will deny his motion.

**I. Background**

The defendant Bret A. Yaple is an attorney licensed to practice in the State of California. (Docket No. 7 at 2). The defendant asserts that he has never been to Ohio and maintains no contacts with the state, business related or otherwise. (Docket No. 7 at 3.) As an attorney, Mr. Yaple represents TK Financial, Inc.,[1] a California collections agency which owns a debt owed by the plaintiff Ms. Vlach, an Ohio resident. (Docket No. 7 at 2-3; Docket No. 12 at 2-3).

---

[1] TK Financial, Inc., is also a defendant in this suit but does not join in the motion to dismiss now before the Court.

Ms. Vlach contends that in May 2008 she received a letter from Mr. Yaple, which informed her that Mr. Yaple had been retained by TK Financial.  (Docket No. 12 at 2; Docket No. 12-1).  The letter explained that Mr. Yaple's firm  "intend[ed] to commence legal action against [her]" on behalf of TK Financial, in order to collect on the outstanding debt.  (Docket No.12 at 2; Docket No. 12-1).   The letter also represented that Ms. Vlach would be liable for the actual cost of filing should her creditor obtain a judgment against her.  (Docket No. 12-1).  The letter bears Mr. Yaple's typed signature and appears to be on his firm's letterhead.  (Docket No. 12-1).  Ms. Vlach also alleges that she received two email communications from Mr. Yaple, both of which represented that the firm intended to commence legal action against her and that it could recover costs and fees.  (Docket No. 12 at 3).   The emails, dated 7 June 2008 and 18 September 2008, appear to be from Mr. Yaple's email address and bear his typed signature.  (Docket No. 12-2; Docket No. 12-3).

Mr. Yaple, for his part, insists that he did not compose, review, or authorize the above described communications with Ms. Vlach.  (Docket No. 7-1).  According to the defendant, "a representative of TK Financial created a 'mock up' of Defendant's letterhead, using its own address beneath Defendant's name."  (Docket No. 7 at 3).  Mr. Yaple maintains that it was not he, but the representative of TK Financial, who composed and sent the letter regarding Ms. Vlach's unpaid debt.  (Docket No. 7 at 3).  Mr. Yaple offers a similar explanation for the emails, insisting that "TK Financial created an email address that appeared to be for Mr. Yaple, but the Defendant neither sent

3

email from nor received email at that address." (Docket No. 7 at 3). In addition, Mr. Yaple provides the affidavit of Eric Vaasa, the owner of TK Financial, which confirms Mr. Yaple's factual contentions. (Docket 7-2).

Ms. Vlach brought this lawsuit styled as a class action against several defendants, including Mr. Yaple, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA), ORC § 1345.01, *et seq.* (Docket No.12 at 1). Ms. Vlach contends that Mr. Yaple violated several provisions of the FDCPA prohibiting the use of false or deceptive means to collect a debt, by sending the above described communications. Specifically she alleges that violations occurred when Mr. Yaple represented that Ms. Vlach would become liable for court costs, service costs, and attorney fees upon the commencement of a lawsuit against her. (Docket No. 12 at 6-7). She also maintains that Mr. Yaple violated a provision of the FDCPA prohibiting a debt collector from threatening to take any action that he did not intend to take, when he threatened to commence a lawsuit against her without the intent to do so. (Docket No. 12 at 6-7). Ms. Vlach further alleges that Mr. Yaple's communications with her amount to the knowing commission of unfair, deceptive, and unconscionable practices in violation of OCSPA. (Docket No. 12 at 7-8).

On the issue personal jurisdiction, Ms. Vlach contends that Mr. Yaple's communications by letter and email, allegedly in violation of state and federal law, satisfy the Ohio Long Arm statute and provide sufficient contacts with the state of Ohio that this Court has jurisdiction over him. (Docket No. 15 at 3-5).

4

**II. Law and Argument**

    **A. Standard of Review**

When faced with a motion to dismiss for lack of personal jurisdiction, a district court may, in its discretion, consider the motion on the basis of the written submissions alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion.  Serras v. First Tenn. Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989).   If the Court rules on the motion without conducting an evidentiary hearing, it must consider the pleadings and the affidavits in a light most favorable to the plaintiff.  CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996).  In these circumstances, a plaintiff need only make a prima facie showing of jurisdiction, and the Court need not consider contrary factual contentions of the defendant.  Dean v. Motel 6 Operating L,P., 134 F.3d 1269, 1272-73 (6th Cir. 1998). This relatively light standard is justified because "[a]ny other rule would empower a defendant to defeat personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by the plaintiff."  Serras, 875 F.2d at 1214.  Because this Court has allowed for limited discovery on the question of personal jurisdiction, it will consider, in addition to the pleadings, the submissions of the parties related to the question before it, in a light most favorable to Ms. Vlach.  (See Docket No. 11)

Where subject matter jurisdiction stems from the existence of a federal question, as it does here, personal jurisdiction over a defendant exists "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process."

5

Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 954 F.2d 1174, 1176 (6th Cir.1992). The Sixth Circuit has recognized that Ohio's long-arm statute is not coterminous with federal constitutional limits. Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000) (noting that "the Ohio Supreme Court has ruled that the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause") (citing Goldstein v. Christiansen, 70 Ohio St.3d 232, 638 N.E.2d 541, 545 n. 1 (1994) (per curiam)). Nevertheless, in evaluating whether personal jurisdiction is proper under Ohio's long-arm statute, the federal courts have consistently focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend "traditional notions of fair play and substantial justice." Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

The Court thus begins with a consideration as to whether Mr. Yaple is amenable to service of process under the Ohio Long Arm statute, and will follow with the requisite due process determination.

**B. The Ohio Long Arm Statute**

The first step of the personal jurisdiction analysis requires the Court to apply the Ohio long-arm statute. In pertinent part, the Ohio long-arm statute, O.R.C. § 2307.382, provides:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
>
> * * *

6

> (6) Causing tortious injury in this state to any person by an act or omission outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.

O.R.C. § 2307.382.

In opposing the motion to dismiss, Ms. Vlach argues that service of process is authorized under either provision, because Mr. Yaple both "transact[ed] business in this state" or "caus[ed] tortious injury" by an act or omission outside the state. (Docket No. 15 at 4). Viewing the factual allegations in a light most favorable to the plaintiff, the Court finds Mr. Yaple's alleged violations of FDCPA and the OCSPA caused injury to Ms. Vlach such that service of process is proper under O.R.C. § 2307.382(A)(6). By allegedly sending "false, deceptive, or misleading" representations in violation of FDCPA and allegedly committing "unfair, deceptive, or unconscionable acts" in violation of OCSPA, Mr. Yaple should have reasonably expected that the recipient would have been injured in this state, given that the letter was addressed to an Ohio resident. See Ferron v. 411 Web Directory, 2:09-cv-153, 2009 WL 2047780, at *3 (S.D. Ohio July 6, 2009)(finding alleged violations of OCSPA give rise to tortious injury for purposes of the Ohio Long Arm statute); FRC Intern., Inc. v. Taifun Feuerloschgeratebau und Vertriebs GmbH, 3:01 CV 7533, 2002 WL 31086104, at *4, 5 (N.D. Ohio Sept. 18, 2002)(holding that the alleged fraudulent communications satisfy the "causes tortious injury by an act or omission in this state" portions of the Ohio long-arm statute); Vlasak v. Rapid Collection Systems, Inc., 962 F.Supp. 1096, 1100 (N.D. Ill. 1997)(violations of FDCPA are a breach of legal duty and therefore tortious for purposes of the Illinois Long Arm Statute). Furthermore, the causes of action in this case arise directly from Mr. Yaple's

contacts with the state.  Therefore, the Ohio Long Arm statute authorizes personal jurisdiction over Mr. Yaple.

### C. Due Process Considerations

Next, the Court addresses whether a finding of personal jurisdiction comports with the requirements of Due Process.  Personal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state.  Conti v. Pneumatic Prods. Corp., 977 F.2d 978, 981 (6th Cir.1992) (noting that a distinction between general and specific jurisdiction exists for the purpose of the due process analysis).  Specific jurisdiction is permissible only if the defendant's contacts with Ohio satisfy the three-part test established in Southern Machine Company v. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th Cir.1968):

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

The question of whether a defendant has purposefully availed itself of the privilege of doing business in the forum state is "the sine qua non for in personam jurisdiction."  Id. at 381-82.  The "purposeful availment" requirement is satisfied when the defendant's contacts with the forum state "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State," and when the defendant's conduct and connection with the forum are such that he "should reasonably anticipate being haled into court there."  Burger King Corp. v. Rudzewicz,

8

471 U.S. 462, 474-75 (1985) (quoting World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297(1980)); Reynolds v. Int'l Amateur Athletic Federation, 23 F.3d 1110, 1116 (6th Cir. 1994). Courts require purposeful availment to insure that "random," "fortuitous," or "attenuated" contacts do not cause a defendant to be haled into a jurisdiction. Burger King Corp., 471 U.S. at 475 (citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)).

Viewing the pleadings and the affidavits in a light most favorable to the plaintiff, the Court finds that Mr. Yaple's three communications with Ms. Vlach, allegedly in violation of the FDCPA and OCSPA, create the sort of substantial connection to Ohio for which Mr. Yaple should reasonably anticipate being haled into court. Ms. Vlach's allegations, if proven, would constitute violations of state and federal law by Mr. Yaple occurring in the State of Ohio. As such, for purposes of this inquiry, Mr. Yaple has necessarily availed himself of the privilege of acting in this state. See Maloon v. Schwartz, Zweban & Slingbaum, LLP, 399 F.Supp. 2d 1108, 1112-13 (D. Haw. 2005)(Debt collection letter sent by out of state defendant is sufficient to establish personal jurisdiction, where letter was allegedly in violation of FDCPA); Paradise v. Robinson & Hoover, 883 F.Supp. 521, 525-26 (D. Nev. 1995); Sluys v. Hand, 831 F.Supp 321, 324 (S.D.N.Y. 1993); Russey v. Rankin, 837 F.Supp. 1103, 1105 (D.N.M. 1993); Wensauer v. Martorella, No. CIV-08-467-F, 2008 WL 4131112, at *1 (W.D. Okla. Aug. 29, 2008); Elwood v. Cobra Collection Agency, No. 2:06-cv-91, 2006 WL 3694594, at *3 (S.D. Miss. Dec 14, 2006).

Next, with respect to the second factor of the Machine Industries test, Mr. Yaple's alleged contacts with Ohio clearly give rise to the cause of action under the FDCPA.

9

The letter and the emails allegedly sent by Mr. Yaple are not only related to Ms. Vlach's lawsuit but they form its basis.  Therefore, the second element of the Machine Industries test is satisfied.

Third, the exercise of jurisdiction over Mr. Yaple is reasonable.  Where the first two elements of the Machine Industries test are satisfied, this is presumed to be the case.  Third Nat'l Bank v. WEDGE Group Inc., 882 F.2d 1087, 1092 (6th Cir. 1989).  Only in unusual circumstances is the third element left unsatisfied, and the burden is on the defendant to show it.  First Nat'l Bank v. J.W. Brewer Tire Co., 680 F.2d 1123, 1126 (6th Cir. 1982).  Except for his adamant denial that the facts asserted by Ms. Vlach are false, which the Court is not required to address, Mr. Yaple has offered no considerations that make the Court's exercise of jurisdiction unreasonable.  While Mr. Yaple, as a California resident, may find litigation in Ohio burdensome, that burden is outweighed by the interest of both the plaintiff and the State of Ohio in Ms. Vlach obtaining legal relief.  Therefore, the third element of the Machine Industries test is satisfied.

Because Ms. Vlach has made a prima facie case of jurisdiction, the Court must deny Mr. Yaple's motion to dismiss.  Of course, this does not necessarily close the door on the question of personal jurisdiction.  Mr. Yaple may invoke the Court's discretion to call an evidentiary hearing on the matter or he may further pursue the matter at trial. Serras, 875 F.2d at 1214.  In either case, Ms. Vlach would be required to prove the existence of personal jurisdiction by a preponderance of the evidence.  Id.

**III. Conclusion**

For the foregoing reasons, the Court DENIES the defendant's motion to dismiss for lack of personal jurisdiction.

IT IS SO ORDERED.

   /s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 20 November 2009